IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-20-126-RAW |
| | ) | |
| JAMES MICHAEL STEWART, | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on the following matters: (1) Defendant's Motion for Court to Order Separate Trials (Docket Entry #39); and (2) Defendant's Second Motion in Limine Regarding Rule 413 Evidence (Docket Entry #41). United States District Judge Ronald A. White who presides over this case referred the subject Motions to the undersigned for the entry of Findings and Recommendation. To that end, this Court conducted a hearing on the Motion on March 8, 2021 with Nathanial Jacob Walters appearing for the Government, Neil Van Dalsem representing Defendant, and Defendant Steward personally appearing.

At the conclusion of the hearing, Defendant's counsel requested an opportunity to supplement the record. Counsel was given two days to supplement but no further evidence was received.

**Request for Separate Trials**

On October 29, 2020, the Grand Jury returned a two count Indictment against Defendant alleging Aggravated Sexual Abuse in Indian Country in violation of 18 U.S.C. §§ 1151, 1153, 2241(a) and 2246(2)(A) and (B).  The Indictment alleged that oral and vaginal sexual contact between Defendant, an Indian, and S.B. occurred on October 21, 2018 by use of force and by threatening and placing S.B. in fear that she would be subject to death, serious bodily injury, and kidnapping.

On November 17, 2020, the Grand Jury returned a three count Superseding Indictment against Defendant – again, alleging Aggravated Sexual Abuse in Indian Country in violation of 18 U.S.C. §§ 1151, 1153, 2241(a) and 2246(2)(A) and (B).  The first two counts involved the same allegations of illegal sexual contact between Defendant and S.B.  The third count added in the Superseding Indictment pertains to the alleged **attempted** sexual contact between Defendant and H.D. on May 25, 2018 by use of force and by threatening and placing H.D. in fear that she would be subject to death, serious bodily injury, and kidnapping.

Through the pending Motion, Defendant seeks to separate the trial of counts one and two from a trial of count three because (1) counts one and two allege completed sexual acts while count

2

three alleges an attempted sexual act; (2) the acts in count three occurred five months prior to the acts alleged in counts one and two; and (3) the offenses alleged in count one and two involved a woman identified as S.B. while the offense alleged in count three involved a different woman identified as H.D.  Defendant contends that severity of the occurrences and the evidence to prove each are completely separate, distinct, and disparate and that the presentation of the facts of both incidents in a single jury trial will necessarily be unfairly prejudicial to Defendant and deprive him of a fair trial.

The joinder of offenses in a single Indictment is governed by Fed. R. Crim. P. 8(a) which provides:

> **(a)Joinder of Offenses.**  The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

If, however, the joinder is prejudicial to the defendant or the government, the remedy is provided by Fed. R. Crim. P. 14(a) which states:

> **(a)Relief.**  If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts,

>     sever the defendants' trials, or provide any
>     other relief that justice requires.

For clarity in the analysis, this Court will initially consider the joinder of the charges. On the question of whether joinder of the two events into the charges in the Superseding Indictment was appropriate, the Tenth Circuit has admonished that "[t]he Court should construe 'Rule 8 . . . broadly to allow liberal joinder to enhance the efficiency of the judicial system." United States v. Bagby, 696 F.3d 1074, 1086 (10th Cir. 2012) quoting United States v. Price, 265 F.3d 1097, 1105 (10th Cir. 2001) abrogated on other grounds recognized United States v. Lymon, 905 F.3d 1149, 1152-53 (10th Cir. 2018). As is apparent from the language employed, the "same or similar character" requirement under Fed. R. Crim. P. 8(a) "is not limited to crimes of the 'same' character but also covers those of 'similar' character, which means '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.'" United States v. Sapp, 835 F. Supp. 1346, 1347–48 (D. Kan. 1993) quoting U.S. v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986).

At the very least, the conduct and events alleged in the two incidents are "similar." Both involved unwelcome sexual contact between Defendant and the two women named in the Superseding Indictment – the primary difference between the allegations being

4

that one sexual contact allegedly culminated in oral and vaginal sex while the other did not. The fact that the incidents are temporally separated by five months does not affect their similarity. United States v. Thomas, 61 F. Supp. 3d 1221, 1227 (D.N.M. 2014), *aff'd in part*, 849 F.3d 906 (10th Cir. 2017) citing United States v. Coleman, 22 F.3d 126, 133 (7th Cir. 1994). Moreover, the involvement of two different women does not affect the similarity of the incidents. As a result, this Court concludes that the joinder of counts one and two with count three was authorized by Fed. R. Crim. P. 8(a).

The analysis under Fed. R. Crim. P. 14(a) is somewhat different. Defendant bears the burden to show that "the denial of severance would result in 'actual prejudice' to his defense, . . . and that this prejudice would 'outweigh' the expense and inconvenience of separate trials." United States v. Tucker, 502 F. App'x 720, 723 (10th Cir. 2012) quoting United States v. Hutchinson, 573 F.3d 1011, 1025 (10th Cir. 2009)(citations omitted). Defendant argues that the charges are factually distinct but also that the victims' version of the facts are "questionable." The "questionable" nature of the charges is precisely the purpose of a jury trial – to determine whether the events giving rise to the charges are as the victims claim or as

5

Defendant claims.  This alone does not justify the expense and time for the separation of the charges into two trials.

Additionally, the court is "not required to sever the counts simply because the cumulative effect of evidence of similar misconduct might potentially prejudice the defendant." United States v. Hollis, 971 F.2d 1441, 1457 (10th Cir. 1992) citing United States v. Cox, 934 F.2d 1114, 1120 (10th Cir. 1991); United States v. Taylor, 800 F.2d 1012, 1017 (10th Cir. 1986), *cert. denied,* 484 U.S. 838, 108 S.Ct. 123, 98 L.Ed.2d 81 (1987). Moreover, "the mere fact that a defendant may have a better chance for acquittal by separate trials of charges is not sufficient to require severance."  Id. citing United States v. Valentine, 706 F.2d 282, 290 (10th Cir. 1983)(citations omitted).

Outside of contending that the "cumulative effect" of counts one and two combined in a trial with count three will prejudice him, Defendant has failed in his heavy burden to demonstrate actual prejudice justifying the separation of the charges for trial.  The similarity of the conduct alleged has been discussed in connection with the propriety of joinder under Fed. R. Crim. P. 8(a) and applies equally to the analysis under Rule 14(a).  Any "generalized prejudice" to Defendant which might arise from the inclusion of all three charges in a single trial can be remedied

6

with the use of an appropriate limiting instruction to the jury. United States v. Thomas, 61 F.Supp.3d at 1227 citing United States v. Hutchinson, 573 F.3d at 1026.

### Admissibility of Evidence under Rule 413

As a secondary argument to the request for separate trials, the Government has contended that the evidence pertaining to the charges represented in counts one and two would be admissible in a trial of count three and the evidence pertaining to count three would be admissible in the trial of counts one and two under Fed. R. Evid. 413.  The admissibility of evidence, according to the Government, essentially renders the separation of the charges into two trials academic.  Defendant also challenges the admissibility of the evidence on each charge by separate motion.

As an initial matter, this Court notes that both S.B. and H.D. were subpoenaed by the Government for the hearing on the motions.  S.B. was available to testify but H.D. did not respond to the subpoena and appear for the hearing.  Defendant requested to call S.B. as a witness "to find out from her as of now what she did say happened."  Noting that the burden of admitting evidence under Fed. R. Evid. 413 rests with the Government, this Court denied Defendant's request but allowed argument from counsel as to any perceived inconsistencies in S.B.'s recitation of events.

Defendant also requested that the failure of H.D. to appear at the hearing should be considered by this Court in assessing the credibility of her statements of the events that allegedly transpired with Defendant.  While this Court certainly does not condone H.D.'s failure to abide by the subpoena served upon her by the Government, the same basis for not requiring S.B. to testify at the hearing applies to H.D.  The determination on admissibility of the evidence will turn on the evidence presented not upon the lack of testimony from the victims.

Generally, "[e]vidence of a crime is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  In sexual assault cases, an exception has been carved out of this Rule to allow the admission of "evidence that the defendant committed any other sexual assault.  The evidence may be considered on any matter to which it is relevant."  Fed. R. Evid. 413(a).

In order to determine the admissibility of the evidence, the evidence must meet certain threshold requirements:  (1) the defendant is accused of a crime involving sexual assault or child molestation, (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving

8

sexual assault or child molestation, and (3) the evidence is relevant. United States v. Benally, 500 F.3d 1085, 1090 (10th Cir. 2007).

Certainly, S.B. and H.D.'s allegations meet all three criteria. The Court first analyzes whether S.B.'s allegations would be admissible in Defendant's trial of alleged acts against H.D. S.B. alleges that on October 18, 2018, she traveled to the All In Tavern in Muskogee, Oklahoma with a friend and Defendant in the friend's vehicle after having already consumed alcohol at another establishment. At some point in the night, S.B.'s friend left S.B. and Defendant. S.B. could not locate her grandmother's bracelet or her cell phone. Defendant and S.B. went outside and behind the tavern where Defendant began making sexual suggestions to S.B. S.B. stated that she was married to which Defendant responded that "you don't look very married to me." Defendant allegedly forced S.B. to engage him in oral sex. S.B. then stated that Defendant forced her into her friend's vehicle which had been left at the tavern, punched and slapped her about the face and forced her to engage in sexual intercourse. When Defendant exited the truck to urinate, S.B. ran to a nearby gas station where 911 was called. Defendant's injuries noted at the hospital were consistent with her allegations.

The Government introduced the bodycam video of the officers' response to the 911 call.1  The encounter was carefully reviewed by this Court.  In accordance with the test laid out in Benally, "the district court must make a preliminary finding that a jury could reasonably find that the 'other act' occurred by a preponderance of the evidence."  United States v. Benally, 500 F.3d at 1090 citing United States v. Enjady, 134 F.3d 1427, 1433 (10th Cir. 1998).  The bodycam video of S.B.'s demeanor and recitation of events both at the gas station and in the hospital to where she was transported demonstrates the likelihood the events occurred by a preponderance of the evidence.  Defendant contends that other evidence indicates that the sexual acts alleged were consensual.  Defendant would be entitled to introduce this evidence at his trial.  It does not lessen the proof offered by the Government for the necessary preliminary finding.

This Court is then to consider:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely it is such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract

---

1 *See* Gov't Exh. No. 1.

>     the jury from the central issues of the trial;
>     and 3) how time consuming it will be to prove
>     the prior conduct. Id.

Primarily through the video evidence, S.B.'s allegations have been proved by a preponderance of the evidence and it is probative on the issue of Defendant's conduct. Defendant contends that material evidence in the form of testimony from other witnesses indicates that the sex acts between Defendant and S.B. were consensual. This evidence was presented in the form of police statements.[2] As represented, employees at the tavern will testify that they observed individuals having consensual sex behind the bar. It is unclear that they will testify that those individuals were Defendant and S.B. Also, none of these witnesses appear to testify concerning the assault that allegedly occurred in S.B.'s friend's truck. No less prejudicial evidence is available to the Government on this matter. The probative value of the evidence far outweighs the prejudice to Defendant. This Court has considered the probative dangers and finds the evidence would be admissible in a trial of the allegations against Defendant as it pertains to H.D.

H.D.'s allegations which form the basis of count three are

---

[2] *See* Defendant's Exh. No. 1, Bates Nos. 57, 58, 63, 104, and 105.

that H.D. and Defendant, who H.D. stated she had known for some time, had consumed alcohol at a bar. They proceeded to a hotel room in Muskogee, Oklahoma to consume more alcohol. At some point, Defendant took all of his clothes off and was naked in front of H.D. H.D. remained fully clothed during the alleged encounter. According to H.D.'s statement recorded in bodycam footage introduced by the Government, Defendant who appears much larger physically than H.D. grabbed her legs, flipped her onto the bed by picking up her legs, laid his body across her so that she could not move, told her "I wanna fuck you" in her ear, and restricted her movements. According to H.D. at the time of the incident, Defendant "overpowered" and "pinned" her, he "got aggressive" and "scared" her. As Defendant lifted his weight, H.D. ran to the bathroom, locked the door, and called 911. Both the audio of the 911 call and the bodycam video indicated H.D. was fearful, crying, and did not want to see Defendant. The police kept them separated during their investigation. The officer discussed H.D. obtaining a protective order because H.D. was scared Defendant "might retaliate."

The admissibility of H.D.'s testimony in S.B's trial is also permitted under <u>Benally</u>. The video alone provides ample proof by a preponderance of the evidence that the events related by H.D.

12

occurred. The events have been as clearly proved as possible under the evidence available and the evidence is material to Defendant's conduct. Defendant contends that the facts pertaining to H.D. is seriously contested, although the only contesting evidence is Defendant's testimony and his version of his conduct. It is also apparent that no less prejudicial evidence is available. The probative value of the evidence outweighs Defendant's prejudice and the probative dangers have been considered. Considering all of these factors, this Court concludes that the allegations provided by H.D. would be admissible under Fed. R. Evid. 413(a) in a trial of the charges pertaining to Defendant's conduct with S.B.

The admissibility of testimony of an individual identified as K.F. also appears in the record of this case. There appears to be some confusion regarding whether the admissibility of the statements of K.F. has been referred to the undersigned by Judge White. The source of the confusion is the Government's adoption of its briefing in connection with its First Motion in Limine to Admit Evidence Under Federal Rules of Evidence 413(a) and 404(b) (Docket Entry #47) in response to Defendant's Second Motion in Limine Regarding Rule 413 Evidence (Docket Entry #59). While Defendant's Second Motion in Limine was referred, the Government's

First Motion in Limine was not. Absent an express referral of this matter to the magistrate judge, this Court is without jurisdiction to consider the matter.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Defendant's Motion for Court to Order Separate Trials (Docket Entry #39) be **DENIED.**

IT IS THE FURTHER RECOMMENDATION OF THIS COURT that Defendant's Second Motion in Limine Regarding Rule 413 Evidence (Docket Entry #41) be **DENIED.**

The parties are given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections with a supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the judgment of the District Court based on such findings.

IT IS SO ORDERED this 22nd day of March 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE