IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. JAMES MICHAEL STEWART, *Defendant.* | Case No. CR-20-126-RAW |

**ORDER**

Defendant is charged in the first two counts of the Superseding Indictment with aggravated sexual abuse of S.B. in Indian Country on or about October 21, 2018. He is charged in the third count with attempted aggravated sexual abuse of H.D. in Indian Country on or about May 25, 2018. Before the court is Defendant's motion for separate trials – one trial to address the first two counts relating to S.B.'s allegations, another to address the third count relating to H.D.'s allegations [Docket No. 39]. Also before the court is Defendant's second motion in limine regarding Rule 413 evidence and request for hearing, wherein he argues that even if the court denies his motion to sever, the evidence regarding each alleged victim is only relevant to the count(s) regarding that alleged victim and should not be introduced or used by the jury for any purpose other than to determine Defendant's innocence or guilt as to that/those count(s) [Docket No. 41].

The court referred these motions to the United States Magistrate Judge who held a hearing on March 8, 2021. On March 22, 2021, the Magistrate Judge entered her Findings and Recommendation, recommending that both motions be denied [Docket No. 86]. Defendant has

filed an objection to the F&R [Docket No. 94], and the Government has filed a response to Defendant's objections [Docket No. 97].

As to the motion for separate trials, the Magistrate Judge found that joinder was appropriate under Fed. R. Crim. P. 8(a). The Magistrate Judge further found that Defendant failed to fulfill his burden under Fed. R. Crim. P. 14(a) to show that denial of severance would result in actual prejudice to his defense and that this prejudice would outweigh the expense and inconvenience of separate trials. The Magistrate Judge found that any generalized prejudice can be remedied with the use of an appropriate limiting instruction to the jury. As to the admissibility of evidence under Rule 413, the Magistrate Judge considered the *Enjady* factors[1] and determined that S.B.'s allegations are admissible in Defendant's trial of alleged acts against H.D. and that H.D.'s allegations are admissible in Defendant's trial of alleged acts against S.B.[2]

Defendant objects to the Findings and Recommendation, arguing that the Magistrate Judge erred by not requiring S.B. and H.D. to testify at the evidentiary hearing. He maintains it

---

[1] "[I]n cases where the government seeks to introduce Rule 413 evidence, the district court must make a preliminary finding that a jury could reasonably find that the 'other act' occurred by a preponderance of the evidence." *United States v. Benally*, 500 F.3d 1085, 1090 (10th Cir. 2007)(citing *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998)). The court then considers:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely it is such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

*Id.*

[2] S.B. was present at the hearing; H.D. was not. The Magistrate Judge denied Defendant's request to call S.B. as a witness "to find out from her as of now what she did say happened," noting that the burden of admitting evidence under Fed. R. Evid. 413 rests with the Government. While H.D. was not present, the same basis for not requiring her testimony at the hearing applied. The Magistrate Judge allowed argument about perceived inconsistencies in the alleged victims' recitation of events.

was clearly erroneous to make the preliminary findings regarding S.B. and H.D. based solely on the bodycam videos.  Defendant further argues that the Magistrate Judge erred by failing to consider the first and second *Enjady* factors after making her preliminary findings, by failing to assess whether the evidence will contribute to an improperly-based verdict, and by failing to weigh the probative value versus the risks as set out in Fed. R. Evid. 403.  Defendant requests the court grant his motions or in the alternative postpone its ruling until the next pretrial conference, as the court will hear evidence on a related motion at that time.[3]

In response to Defendant's objection, the Government argues that the Magistrate Judge did not err in not requiring S.B. and H.D. to testify at the hearing and did not err in her preliminary finding that a jury could reasonably find the acts occurred by a preponderance of the evidence.  The court agrees.  The Magistrate Judge made her preliminary finding based on the bodycam videos and after hearing defense counsel's arguments about whether the acts occurred, including that the alleged victims' versions of the facts are questionable.  A mini-trial would not be appropriate, and the court does not agree with defense counsel that absent such a mini-trial, any 911 call would establish an alleged act beyond a preponderance of the evidence.  The court also agrees that the Magistrate Judge properly considered each of the *Enjady* factors and determined that the probative value of the allegations outweigh any prejudice.

Defendant's motion for separate trials [Docket No. 39] and second motion in limine regarding Rule 413 evidence [Docket No. 41] are hereby DENIED.  The Findings and

---

[3] The court has ordered that it will hear evidence as to the Government's first motion in limine to admit Rule 413 and 404(b) evidence [Docket No. 47] at the next pretrial conference.  At issue is whether the Government may introduce evidence that Defendant drugged the drinks of a woman he previously dated—K.F.—and her friend, then attempted to pull them into his vehicle, and then chased them in his vehicle and harassed K.F. by text when he was unsuccessful in the abduction.

Recommendation [Docket No. 86] is hereby AFFIRMED and ADOPTED as this court's findings and order.

**IT IS SO ORDERED** this 22nd day of April, 2021.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**