IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. JAMES MICHAEL STEWART, *Defendant.* | Case No. CR-20-126-RAW |

## ORDER

Before the court is Government's first motion in limine to admit evidence under Federal Rules of Evidence 413(a) and 404(b) [Docket No. 47] and Defendant's response thereto [Docket No. 49].  Defendant attached an exhibit to his response, which includes reports related to this case, including the one at issue in the Government's motion.  This matter came on for hearing on May 18, 2021.  At that hearing, the Government submitted one exhibit, the citizen crime report related to the evidence at issue – also included in Defendant's attachment to his response.

The Government seeks to introduce testimony from K.F. that on or about May 1, 2016 at around 9 p.m. at Max's Garage in Muskogee, Defendant bought drinks for K.F. and her friend, and that he apparently drugged those drinks.  K.F. states that she did not consume the drink, but that she saw her friend consume hers, and that within 15 minutes her friend was incoherent.  K.F. states that Defendant then followed K.F. around and tried to restrain her by yanking her arm. K.F. states that while she carried her incoherent friend to the cab, Defendant grabbed K.F.'s arm and dragged her trying to get her into his car instead.  K.F. states that she was able to use her body weight to pull away and that he seemed surprised.  K.F. states that Defendant then got into his vehicle and followed them in the cab until he was stopped at a red light, but continued to call

and text all night, demanding to know K.F.'s location.  K.F. signed this report on December 18, 2018.

Rule 413(a) provides: "In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault.  The evidence may be considered on any matter to which it is relevant."  The court agrees with the Government that the threshold requirements for admissibility of sexual assault evidence under Fed.R.Evid. 413(a) have been met.  *See United States v. Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998).  First, Defendant is charged with sexual assault and attempted sexual assault.  Second, K.F.'s allegations that Defendant drugged her friend, attempted to drug her, and attempted to abduct them both qualify as an attempted sexual assault.  *See* Fed.R.Evid. 413(d).  Finally, the allegations of K.F. are relevant.  *Guardia*, 135 F.3d at 1328 ("The rules define relevant evidence as evidence that 'ha[s] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' Fed.R.Evid. 401. A defendant with a propensity to commit acts similar to the charged crime is more likely to have committed the charged crime than another.").

Of course, relevant evidence is subject to the Rule 403 balancing test.  "The court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed.R.Evid. 403.  "[T]he exclusion of relevant evidence under Rule 403 should be used infrequently, reflecting Congress' legislative judgment that the evidence 'normally' should be admitted."  *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998).

2

The *Enjady* court goes on to hold, however, that in the context of Rule 413 sexual assault evidence, Rule 403 requires the court to consider:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

*Id*. The court "must make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the 'other act' occurred." *Id*.

In considering the *Enjady* factors, the court notes that K.F. made her report on December 18, 2018, more than two and a half years after the alleged attempted sexual assault of K.F. and/or her friend. Furthermore, as argued by defense counsel at the hearing, the only evidence before the court is this untimely report. There is no statement by or identification of K.F.'s friend. Based on the untimely report alone, the court does not find that a jury could reasonably find by a preponderance of the evidence that the other act occurred. The first *Enjady* factor weighs in favor of exclusion. The court further finds that the second and third *Enjady* factors also weigh in favor of exclusion.

Accordingly, the Government's first motion in limine to admit evidence under Federal Rules of Evidence 413(a) and 404(b) [Docket No. 47] is hereby DENIED.

**IT IS SO ORDERED** this 21st day of May, 2021.

*/s/ Ronald A. White*
_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**