IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> *Plaintiff*, <br><br> v. <br><br> **JAMES MICHAEL STEWART**, <br><br> *Defendant.* | Case No. CR-20-126-RAW |

## ORDER

This matter comes before the court on Defendant's Motion for Judgment of Acquittal or, in the Alternative, Motion for New trial [Dkt. No. 166]. For the reasons set forth below, the court denies this motion.

## BACKGROUND

Defendant James Michael Stewart was indicted on three counts: (1) aggravated sexual abuse in Indian Country, (2) aggravated sexual abuse in Indian Country, and (3) attempted aggravated sexual abuse in Indian Country. Counts One and Two pertained to victim S.B. while Count Three pertained to victim H.D. The jury found Defendant not guilty of Counts One and Two but guilty of Count Three. Defendant now moves for a judgment of acquittal, arguing the evidence is insufficient to sustain a conviction on Count Three. In the alternative, Defendant moves for a new trial, arguing the court committed prejudicial error by excluding an expert witness and not ordering a separate trial on Count Three.

## ANALYSIS

The court first considers whether Defendant is entitled to a judgment of acquittal and next considers whether Defendant is entitled to a new trial, answering both in the negative.

I. **Motion for Judgment of Acquittal.**

Defendant was charged in Count Three with attempted aggravated sexual abuse in Indian Country, which alleged Defendant knowingly attempted to cause H.D. to engage in a sexual act by the use of force. Defendant here argues acquittal is warranted because the government failed to present sufficient evidence of his criminal intent.

Pursuant to Federal Rule of Criminal Procedure 29(c), "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." And the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 56(a). When considering whether evidence is sufficient to sustain a conviction, the court "view[s] the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government." *United States v. Hale*, 762 F.3d 1214, 1222 (10th Cir. 2014). It will grant a judgment of acquittal "only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 1222–23. When making this determination, the court "may neither weigh conflicting evidence nor consider the credibility of witnesses. It is for the jury, as the fact finder, to resolve conflicting testimony, weigh the evidence, and draw inferences from the facts presented." *United States v. Dewberry*, 790 F.3d 1022, 1028 (10th Cir. 2015).

The following evidence, among other items, was introduced at trial: (1) the testimony of H.D.; (2) the 911 call made by H.D.; (3) the testimony of Muskogee Police Officer Justin Wardour; (4) excerpts from Officer Wardour's bodycam; (5) the testimony of Muskogee Police Lieutenant Christopher Dean; and (6) excerpts from Lieutenant Dean's bodycam. This evidence establishes that on May 25, 2018, Defendant, while naked, pushed H.D. down onto a hotel bed, got on top of her, and stated "I want to fuck you." H.D. pushed Defendant off of her, locked herself in the hotel bathroom, and called law enforcement. Defendant then continued to pound on the bathroom door,

and H.D. remained locked in the bathroom until law enforcement arrived. For his part, Defendant argues these actions are susceptible to an innocent interpretation and simply indicate a "miscalculation" regarding whether H.D. welcomed his physical advances.

Viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the government, the court concludes that a rational trier of fact could have found the essential elements of Count Three beyond a reasonable doubt, including that Defendant intentionally attempted to cause H.D. to participate in a sexual act against her will. Defendant, while naked, physically pushed H.D. on to a bed and stated his desire to engage in sexual contact with her. Defendant got on top of H.D., and the interaction did not stop until H.D. pushed the Defendant away and locked herself in a bathroom. A rational jury could conclude that these actions satisfy the elements of attempted aggravated sexual abuse. Consequently, Defendant's motion for acquittal is denied.

## II.   Motion for New Trial.

Pursuant to Federal Rule of Criminal Procedure 33(a), "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Granting a new trial is a matter of discretion, and the court "is free to weigh the evidence and assess witness credibility." *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999). As a general rule, however, "[a] motion for a new trial is not regarded with favor and is only issued with great caution." *United States v. Herrera*, 481 F.3d 1266, 1269–70 (10th Cir. 2007).

Here, Defendant argues he is entitled to a new trial for two reasons. First, Defendant asserts the court committed prejudicial error in excluding expert testimony from proposed defense witness Dr. Jason Beaman. Second, Defendant asserts the court committed prejudicial error in not ordering a separate trial for Count Three.

**A. Expert Testimony.**

Defendant provided notice of his intent to offer expert testimony from Dr. Beaman regarding the mental and physical effects of alcohol consumption, which would support an inference that Defendant lacked mental capacity to form the requisite criminal intent. The government moved to exclude Dr. Beaman's testimony, and the court heard argument at the end of the government's case, ultimately excluding the testimony.

At trial, the government elicited evidence that both Defendant and H.D. had been drinking on the day of the incident. Lieutenant Dean testified that a person is "blackout drunk" when he or she is unsteady on their feet, has slurred speech, has trouble generating thoughts, and has trouble answering questions. He then testified that neither Defendant nor H.D. were "blackout drunk" when the officers arrived at the hotel room. Defendant argues his constitutional right to present a complete defense was violated because he had no means of addressing Lieutenant Dean's opinion testimony about when an individual is "blackout drunk."

While it is true that the Fifth and Sixth Amendments guarantee a defendant the right to present a defense, this right is "constrained by the twin prongs of relevancy and materiality." *United States v. Solomon*, 399 F.3d 1231, 1239 (10th Cir. 2005). Under Federal Rule of Civil Procedure 702, a qualified expert witness may testify in the form of an opinion if the district court is satisfied that the testimony is reliable. *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)). When determining whether testimony is reliable, a court considers four non-exclusive factors: "(1) whether the theory at issue can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether there is a known or potential rate of error and whether there are standards controlling the methodology's operation; and (4) whether the theory has been

accepted in the relevant scientific community." *Id*. And if the reliability prong has been met, the court then considers other non-exclusive factors to determine whether the testimony will assist the trier of fact: "(1) whether the testimony is relevant; (2) whether it is within the juror's common knowledge and experience; and (3) whether it will usurp the juror's role of evaluating a witness's credibility." *Id*.

The court concludes that Dr. Beaman's testimony would not have assisted the trier of fact because the testimony would have usurped the jury's role in evaluating witness credibility. In Defendant's offer of proof after Dr. Beaman was excluded, he stated Dr. Beaman would have explained the changes that occur to a person's perception and behavior as he or she consumes alcohol. Specifically, he would have testified that alcohol consumption impacts brain chemistry, memory formation, and judgment. This testimony would have pertained to the believability of both the Defendant and H.D.:

> THE COURT: So Dr. Beaman's testimony goes to not only -- even though he won't specifically say this -- goes to not only the alleged victims, but also to Mr. Stewart?
>
> MR. VAN DALSEM: Correct.
>
> THE COURT: And Dr. Beaman's testimony is going to the issue of whether or not their testimony and description of events is believable?
>
> MR. VAN DALSEM: That as well.

*See* Trial Tr. June 9, p. 182, ln. 7–14. Whether a witness is believable is "not an appropriate subject for expert testimony" because expert testimony on the credibility of other witnesses "usurps a critical function of the jury." *United States v. Toledo*, 985 F.2d 1462, 1470 (10th Cir. 1993). Testimony that vouches for or casts doubt on the credibility of other witnesses "encroaches upon the jury's vital and exclusive function to make credibility determinations." *United States v. Adams*, 271 F.3d 1236, 1246 (10th Cir. 2001). Any testimony from Dr. Beaman regarding the impact of

alcohol on the believability or credibility of either Defendant or H.D. would have been improper, particularly here, where the jury could directly evaluate H.D. through her live testimony and evaluate H.D. and Defendant while intoxicated as presented through the bodycam footage. The court concludes that it did not err in excluding Dr. Beaman's testimony.

### B. Separate Trials.

Defendant lastly argues it was prejudicial error for the court to conduct a single trial on Counts One and Two (which pertained to victim S.B.) together with Count Three (which pertained to victim H.D.). According to Defendant, a single trial on all counts inflamed the jury, and the presence of two victims bolstered each independent claim, encouraging the jury to conclude that Defendant must be guilty because two women would not both be lying about sexual misconduct.

Pursuant to Federal Rule of Criminal Procedure 14(a), "[i]f the joinder of offenses . . . in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires." Generally, severance should be granted only if there is a serious risk that a joint trial would compromise "a specific trial right" of the defendant or "prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Severance is purely a matter of discretion and "the defendant must bear a heavy burden of showing real prejudice to his case." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984).

Defendant contends that a joint trial combined two weak cases and prejudicially allowed the account of each woman to bolster the other. The court, however, "was not required to sever the counts simply because the cumulative effect of evidence of similar misconduct might potentially prejudice the defendant." *United States v. Hollis*, 971 F.2d 1441, 1457 (10th Cir. 1992). Further, "limiting instructions are ordinarily sufficient to cure potential prejudice." *United States v.*

6

*Hutchinson*, 573 F.3d 1011, 1026 (10th Cir. 2009). The court instructed the jury to consider all counts and their respective evidence separately [Dkt. No. 155]. Most pointedly, though, the jury's verdict itself demonstrates that it did in fact consider the counts separately and did not let its conclusions about one count impact another. Although the jury found Defendant guilty of Count Three, it found him not guilty of Counts One and Two. Thus, the jury did not let Defendant's guilt regarding one count effect his guilt regarding another. It independently considered the evidence for each count and made its determination.

Finally, Defendant argues the court abused its discretion in failing to have an evidentiary hearing regarding separate trials in which both S.B. and H.D. were required to testify. On March 8, 2021, the Magistrate Judge conducted an evidentiary hearing on Defendant's Motion for Separate Trials. At issue was whether evidence regarding Counts One and Two was admissible in the trial of Count Three (and vice versa). Although both S.B. and H.D. were subpoenaed for the hearing, H.D. did not appear and the Magistrate Judge denied Defendant's request to call S.B. to testify.

Federal Rule of Evidence 413(a) provides, "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." To determine whether evidence of another sexual assault is admissible, the court must consider whether "(1) the defendant is accused of a crime involving sexual assault or child molestation, (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation, and (3) the evidence is relevant." *United States v. Benally*, 500 F.3d 1085, 1090 (10th Cir. 2007). Where it is the government seeking to introduce

Rule 413 evidence, the court "must make a preliminary finding that a jury could reasonably find that the 'other act' occurred by a preponderance of the evidence." *Id*.

Defendant claims the court was required to hear testimony from both victims in order to make the Rule 413 determination, mistakenly relying on *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998). In *Enjady*, the defendant was accused of sexual abuse by witness A and the trial court admitted testimony from witness B about a prior sexual assault the defendant allegedly committed. *Id*. at 1429. The district court did *not* hold a hearing with testimony from witness B, and its decision was affirmed on appeal. *Id*. at 1434. The court simply mentioned that there may be scenarios in which a hearing with victim testimony is required in order to determine whether the "other act" at issue occurred by a preponderance of the evidence:

> In the instant case defense counsel sought a hearing outside the presence of the jury before allowing B's testimony, presumably to require the judge to find by a preponderance of the evidence that the prior rape occurred. The district court denied that hearing, stating that B's credibility was a question for the jury. Although B's credibility is a matter for the jury, we can easily conceive of situations in which such a ruling by the court would be an abuse of discretion. But here the government established that B had filed a contemporaneous police report and it presented the investigating officer's testimony about why the alleged rape of B was not prosecuted.

*Id*. Clearly, *Enjady* does not require an evidentiary hearing with the victim prior to the admission of Rule 413 evidence. Here, the Magistrate Judge heard evidence in the form of, among other items, bodycam footage showing law enforcement interactions with both S.B. and H.D. This evidence was sufficient to determine whether the acts at issue occurred by a preponderance of the evidence.

Defendant was not unduly prejudiced by a trial on all three counts, and the Magistrate Judge was not required to conduct a pre-trial evidentiary hearing with victim testimony. Consequently, Defendant's motion for a new trial is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Judgment of Acquittal or, in the Alternative, Motion for New trial [Dkt. No. 166] is hereby **DENIED**.

**IT IS SO ORDERED** this 25th day of May, 2022.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**