# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>JAMES MICHAEL STEWART,<br><br>　　Defendant. | Case No. CR-20-126-RAW |

## ORDER

　　On December 31, 2024, the Defendant in this case filed a motion pursuant to 28 U.S.C. § 2255. Simultaneously therewith, he filed a motion for recusal, which is now before the court [Docket No. 215]. In support of his motion, the Defendant argues that the undersigned judge should recuse because he denied the Defendant's Rule 29 motion and request to call an expert witness. The Defendant cites generally 28 U.S.C. § 455(a) and (b)(1) as well as 28 U.S.C. § 144. More specifically, the Defendant argues that because the undersigned judge denied the Rule 29 motion, "the Judge may have a personal interest in the outcome of the 2255 preceding (sic)" and that because the undersigned judge denied the request to call an expert witness, "the reasonable average person could reasonably question the judge's impartiality when reviewing merit in a decision the judge had already ruled on."

　　Pursuant to 28 U.S.C. § 455(a) and (b)(1), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." A "trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church in the Diocese of*

*Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). The Tenth Circuit has explained that "disqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Mendoza*, 468 F.3d 1256, 1261-62 (10th Cir. 2006).

If the issue is close, the judge must recuse. *Id*. Nevertheless, "a judge also has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.'" *Id*. (citation omitted). Under the facts argued by the Defendant, virtually every trial judge would be required to recuse on a motion brought pursuant to § 2255, having ruled against the defendant in at least some capacity at the trial stage. The court finds that based on the facts argued by the Defendant, a reasonable person, were he to know all the circumstances, would not harbor doubts about the undersigned judge's impartiality. Further, the undersigned judge has no personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. Accordingly, the court finds that recusal is not appropriate in this case.

Under 28 U.S.C. § 144, the standard for recusal is higher and the procedural requirements are different. Thereunder, a party must file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ." Any such affidavit must "be accompanied by a certificate of counsel of record stating that it is made in good faith." No such affidavit has been filed here.

The Defendant's motion for recusal [Docket No. 215] is hereby DENIED.

**IT IS SO ORDERED** this 9th day of January, 2025.

*/s/ Ronald A. White*
_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**